UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BASF CORPORATION, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| SALEM STREET AUTOBODY, LLC d/b/a SALEM STREET AUTO BODY INC., | |
| Defendant. | |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant Salem Street Autobody LLC d/b/a Salem Street Auto Body Inc. ("Defendant") alleges as follows:

THE PARTIES

1.  BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2.  Defendant is a limited liability company organized and existing under the laws of the State of Massachusetts, with a principal office of 111R Salem Street, Woburn, MA 01801 on file with the Massachusetts Corporations Division. Based on BASF's business dealings with Defendant and Defendant's filings with the Massachusetts Corporations Divisions, Defendant's sole member is Paul E. Scribner, Jr., who is a citizen of the State of Massachusetts.

3.  Defendant's registered agent on file with the Massachusetts Corporations Division is Paul E. Scribner, Jr., with a service address of 111R Salem Street, Woburn, MA 01801.

4.  BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the

reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, 'Refinish Products'). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5.     Defendant is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

6.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey, and Defendant is a citizen of the State of Massachusetts. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Massachusetts.

7.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

8.     Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

The Terms of the Requirements Agreement

9.     On or about June 26, 2018, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

10.   Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $763,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing ("Minimum Purchases").

11.   Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $110,000.00 ('Contract Fulfillment Consideration') in consideration of Defendant satisfying its obligations under the Requirements Agreement.

12.   Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant fulfilling its Minimum Purchases requirement, Defendant was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

13.   Pursuant to Paragraph 4 of the Requirements Agreement, BASF loaned Defendant equipment ("Loaned Equipment") and provided one set of Diamont Toners ("Consigned Inventory") to Defendant in consideration of Defendant satisfying its obligations under the Requirements Agreement.

14.     Pursuant to Paragraph 4 of the Requirements Agreement, Defendant agreed that the Loaned Equipment would remain the property of BASF and would be surrendered to BASF at the termination of the Requirements Agreement.

15.     Pursuant to Paragraph 4 of the Requirements Agreement, Defendant also agreed that in the event the Requirements Agreement were terminated prior to Defendant fulfilling its Minimum Purchases requirement, Defendant would be obligated to pay BASF for the value of the Consigned Inventory.

Defendant's Breach of the Requirements Agreement

16.     In or about September 2021, Defendant, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, purchasing Refinish Products from BASF's competitor prior to fulfilling its $763,000.00 Minimum Purchases requirement, ceasing to purchase Refinish Products from BASF, failing to refund the Contract Fulfillment Consideration to BASF, failing to return the Loaned Equipment to BASF, and failing to pay BASF for the value of the Consigned Inventory pursuant to the Requirements Agreement.

17.     At the time of Defendant's breach and termination of the Requirements Agreement, Defendant had purchased only approximately $240,470.90 in BASF Refinish Products, leaving a purchase balance due and owing of $522,529.10.

18.     Defendant's $240,470.90 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constitute less than two-fifths of its Minimum Purchases requirement, triggering an obligation to refund 95% of the Contract Fulfillment Consideration ($104,500.00) to BASF.

19.     In breach of Paragraph 14 of the Requirements Agreement, Defendant has failed to return the Loaned Equipment to BASF or pay BASF for the Consigned Inventory. The Loaned Equipment and the Consigned Inventory have a combined value of $21,936.00.

20.     BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

21.     By letter dated November 28, 2022, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

22.     Despite the foregoing, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement.

<u>COUNT I</u>
Breach of Contract

23.     BASF incorporates by reference the allegations contained in the above paragraphs.

24.     Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $763,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing.

25.     Despite Defendant's obligations under the Requirements Agreement and in breach thereof, Defendant failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

26.     A purchase balance of at least $522,529.10 remains outstanding under the terms of the Requirements Agreement.

27.     Because of Defendant's breach without legal excuse, and pursuant to Paragraph 3 of the Requirements Agreement, Defendant is obligated to refund 95% of the $110,000.00 Contract Fulfillment Consideration to BASF, which is $104,500.00.

28.     Defendant has further breached the Requirements Agreement by failing and refusing to pay BASF $21,936.00 for the combined value of the Loaned Equipment and Consigned Inventory.

29.     As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

a.     $104,500.00 for 95% of the Contract Fulfillment Consideration;

b.     $522,529.10 for the remaining balance of the Minimum Purchases requirement; and

c.     $21,936.00 for the Loaned Equipment and Consigned Inventory.

30.     BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

31.     As a direct and proximate result of Defendant's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial.

WHEREFORE, BASF demands judgment against Defendant, awarding an amount to be determined at trial but not less than $648,965.10, together with interest thereon,

awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

COUNT II
Unjust Enrichment

32.      BASF incorporates by reference the allegations contained in the above paragraphs.

33.      Through BASF's business relationship with Defendant, Defendant received the benefits of the $110,000.00 Contract Fulfillment Consideration and the Loaned Equipment and Consigned Inventory valued at $21,396.00 provided by BASF in anticipation of the parties' continued business relationship.

34.      Defendant prematurely terminated the parties' business relationship, but Defendant has failed to return the $110,000.00 Contract Fulfillment Consideration or repay BASF for the $21,396.00 value of the Loaned Equipment and the Consigned Inventory.

35.      BASF expected remuneration in the sums of $110,000.00 for the Contract Fulfillment Consideration and $21,396.00 for the value of the Loaned Equipment and Consigned Inventory. Defendant's failure to return the Contract Fulfillment Consideration or repay BASF for the value of the Loaned Equipment and Consigned Inventory to BASF has unjustly enriched Defendant.

36.      Permitting Defendant to retain the benefits of the $110,000.00 Contract Fulfillment Consideration and the $21,396.00 value of the Loaned Equipment and the Consigned Inventory when Defendant prematurely terminated its business relationship with BASF would be unequitable and unjust to BASF.

37.     By reason of the foregoing, Defendant has been unjustly enriched by $131,396.00 for which BASF is entitled to be compensated in full by Defendant together with interest thereon.

WHEREFORE, BASF demands judgment against Defendant awarding an amount to be determined at trial but not less than $131,396.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Declaratory Relief

38.     BASF incorporates by reference the allegations contained in the above paragraphs.

39.     BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

40.     An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

41.     A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

42.     BASF demands a trial by jury on all counts and as to all issues.

PRAYER FOR RELIEF

WHEREFORE, BASF prays that this Court enter Judgment in its favor and against

Defendant as follows:

a.      Awarding BASF monetary damages in an amount to be determined at trial,

but not less than $648,965.10, together with prejudgment interest;

b.      Awarding BASF declaratory judgment in that the Requirements Agreement

is in full force and effect;

c.      Awarding BASF all costs and fees of this action as permitted by law; and

d.      Awarding BASF such other and further relief as this Court deems just and

proper.

Dated: February 21, 2023

Respectfully submitted,

/s/ Lesley P. Chuang
Lesley P. Chuang (BBO # 685698)
lesley.chuang@us.dlapiper.com
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110
Tel: (617) 406-6000

-and-

Caroline C. Marino
cmarino@leaderberkon.com
pro hac vice application to be
submitted
Leader Berkon Colao & Silverstein
LLP
630 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 486-2400
Fax: (212) 486-3099

Attorneys for Plaintiff BASF
Corporation